# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE W. CAMPBELL,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | 1:09-cv-00733 GSA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(Document 20) |

## **BACKGROUND**

On June 25, 2010, this Court issued its Order Regarding Plaintiff's Social Security Complaint wherein the agency's decision was reversed and the matter remanded for further proceedings. (Doc. 18.) On July 18, 2010, Plaintiff Terrence W. Campbell ("Plaintiff") moved to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 21.) Defendant did not oppose Plaintiff's motion. Thereafter, on November 5, 2010, the Court ordered the parties to submit supplemental briefing addressing the applicability of *Lockwood v. Commissioner of Social Security Administration*, 616 F.3d 1068 (9th Cir. 2010), which was decided on August 16, 2010, subsequent to the filing of Plaintiff's motion. (Doc. 22.) Plaintiff

1

submitted a supplemental brief on December 2, 2010 (Doc. 23) and Defendant filed its supplemental brief on January 2, 2011 (Doc. 24.)

## LEGAL STANDARD

Where a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.[1] *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) states "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

In the instant action, Plaintiff timely moved to amend the judgment by filing a motion within the twenty-eight day period. (Doc. 21.) Plaintiff has alleged both a manifest error of law and manifest injustice. (Doc. 21 at 2.)

## DISCUSSION

Plaintiff has moved to amend the judgment with regard to the Court's decision to remand the case for further proceedings in order to better develop the record and thereby permit the Administrative Law Judge ("ALJ") to specifically consider whether to use the advanced age category explained in Title 20 of the Code of Federal Regulations section 404.1563. (Doc. 21 at 2-5.) Plaintiff argues that the "limited purpose" this Court identified as warranting remand can be resolved by review of the record. (Doc. 21 at 3.) Moreover, Plaintiff argues that he will suffer

---

[1] All subsequent rule references are to the Federal Rules of Civil Procedure.

2

economic hardship in the form of delayed benefits as a result of waiting for this remanded case to be heard by the ALJ. (Doc. 21 at 5.) Defendant did not oppose this motion.

Following a request by this Court for supplemental briefing, Plaintiff argues that *Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d 1068, is not applicable. Specifically, Plaintiff contends that the instant matter "is readily distinguishable" from *Lockwood* and "was resolved on the basis that substantial evidence showed the ALJ had complied with    20 C.F.R. § 404.1563(b) whereas this case was resolved on the Court's express contrary finding  . . .." (Doc. 23.) Defendant argues that *Lockwood* is relevant here, and in fact requires the Court to enter judgment in Defendant's favor. (Doc. 24.)

### A. Plaintiff's Age and the Application of Title 20 of the Code of Federal Regulations section 404.1563(b)

At step five[2] of the disability analysis, the burden shifts to the Social Security Administration to demonstrate that the claimant is not disabled and that he or she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. In doing so, the ALJ considers the fact that the claimant cannot do any work that he or she has done in the past because of a severe impairment, considers the claimant's residual functional capacity, the claimant's age, education, and work experience, and determines whether the claimant can do any other work in the national economy. *See* 20 C.F.R. §§ 404.1520(f) & 416.920(f).

The ALJ's use of Plaintiff's age in making a disability determination is governed by Title 20 of the Code of Federal Regulations section 404.1563. In pertinent part, the regulation states:

> In determining the extent to which age affects a person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment . . .. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case. . . . If you are closely approaching advanced age (age 50-

---

[2] At this step, if the impairment prevents the claimant from performing his or her past work, a determination of whether the claimant can engage in other types of substantial gainful work that exist in the national economy must be made. If such other work exists, the claimant is not disabled and the analysis ends.

3

54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older).

20 C.F.R. § 404.1563(a)-(b) & (d)-(e).

In coming to the conclusion to remand the case, this Court placed reliance on *Aguilar v. Astrue*, 2010 WL 199560 (C.D. Cal. May 11, 2010) and the fact that the Ninth Circuit had not published a decision on point. (*See* Doc. 18 at 20.) In the interim, however, the Ninth Circuit has addressed an ALJ's obligation to explicitly address a claimant's age in borderline situations. *See Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d 1068.

In *Lockwood*, the claimant was one month and three days from turning fifty-five at the time of the ALJ hearing. *Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d at 1069. The Ninth Circuit addressed whether an ALJ "erred when she failed to explain in her written decision why she treated a social security disability benefits claimant as being a person closely approaching advanced age instead of treating the claimant as being a person of advanced age." *Lockwood*, 616 F.3d at 1069. The court noted that by regulation, an ALJ is required to consider whether to use an older age category in a borderline situation. *Id*. at 1070. The court also noted that the ALJ had satisfied this requirement by acknowledging that the claimant was closely approaching advanced age, citing the relevant regulation regarding appropriate evaluation of which age category to apply, and evaluating the overall impact of all the factors in the claimant's case by relying on the testimony of a vocational expert. *Id*. at 1071-72. The *Lockwood* court concluded that such consideration was sufficient and that there was no "obligation to make express findings incorporated in the ALJ's opinion." *Id*. at 1073.

Here, Plaintiff was approximately sixty-four days from his fifty-fifth[3] birthday at the time of the ALJ's decision. The decision references Plaintiff's correct birth date, however it then states he "was 52 years old, which is defined as an individual closely approaching advanced age,

---

[3] Plaintiff was born March 13, 1953. AR 23.

4

on the alleged disability onset date." AR 23.  As this Court has previously noted, the operative age is the age at the time of the Commissioner's decision, rather than the alleged onset disability date.  *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988) (*see also* Doc. 18 at 19).  Thus, this difference affects the applicability of the *Lockwood* decision to this matter.

While it is now clear that an ALJ is not obligated to "make express findings [and] incorporate[]" those findings into to his or her opinion (*Lockwood*, 616 F.3d at 1073), an ALJ is required to consider whether to use an older age category in a borderline situation.  *Lockwood*, at 1070.  In its Order remanding this matter, this Court previously held that "there is no indication in the record that the ALJ *considered* Plaintiff's borderline age status." (Doc. 18 at 20, emphasis added.)

Defendant seems to argue that because an ALJ is presumed to know and apply the law, and because Plaintiff has not offered evidence to rebut this presumption, "no evidence is required that the ALJ considered whether an older age category should be applied" in this case.  (Doc. 24 at 4-5.)  Defendant's assertion aside, the Court interprets *Lockwood* to require some evidence that the ALJ satisfied the consideration requirement by acknowledging that the claimant was closely approaching advanced age, citing the relevant regulation regarding appropriate evaluation of which age category to apply, and evaluating the overall impact of all these factors in the claimant's case by relying on the testimony of a vocational expert.  *Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d at 1071-72.  Here, while the ALJ acknowledged Plaintiff was closely approaching advanced age and cited the relevant regulation (*see* AR 23), the ALJ did *not* evaluate the overall impact by relying upon the testimony of a vocational expert ("VE").  AR 195.

This matter thus involves two separate distinctions from *Lockwood*: the ALJ improperly referenced Plaintiff's age at onset of disability rather than at the time of the decision, and the ALJ did not rely upon the testimony of a VE.  Based on these differences, the Court is convinced reversal and remand remain the best course of action.

Lastly, Plaintiff's arguments regarding the applicability of Hearings, Appeals, and Litigation Manual ("HALLEX") and the Program Operations Manual System ("POMS") requisites are not persuasive.  The Ninth Circuit has expressly stated that HALLEX and POMS

"do[] not impose judicially enforceable duties on either the ALJ" or the courts. *Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d at 1072-73.

## CONCLUSION

In sum, there has been no manifest error of law, nor does the Court find that a manifest injustice will occur in light of its findings. Therefore, Plaintiff's motion to alter or amend the judgment is DENIED. Further, Defendant's request that the Court enter judgment in its favor in light of the Ninth Circuit Court of Appeals' holding in *Lockwood* is DENIED.

As previously ordered, the matter is remanded so that the ALJ can make specific findings with regard to application of the Grids in light of Plaintiff's age. The ALJ shall specifically address whether, in light of the previous residual functional capacity finding, Plaintiff has "relevant work experience [that] reflects use of such education" despite a remote high school education (*see* Medical-Vocational Rule 202.00(c)). The ALJ shall also consult a VE regarding the overall impact factors as referenced in this order.

IT IS SO ORDERED.

Dated: **April 14, 2011**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE