# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE W. CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　Defendant. | 1:09-cv-00733 GSA<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES**<br><br>(Document 29) |

　　　　On June 25, 2010, this Court issued its Order Regarding Plaintiff's Social Security Complaint wherein the agency's decision was reversed and the matter remanded for further proceedings. (Doc. 18.) On July 18, 2010, Plaintiff Terrence W. Campbell ("Plaintiff") moved to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 21.) Following supplemental briefing by the parties, this Court denied Plaintiff's motion and affirmed its earlier ruling that remand was appropriate to allow the ALJ to make specific findings regarding application of the grids in light of Plaintiff's age. (Doc. 25.)

Following remand proceedings, Plaintiff was found to be disabled and was granted benefits. On March 7, 2012, Plaintiff filed a motion for attorney fees. (Doc. 29.) The motion was unopposed. On April 12, 2012, Plaintiff filed a proposed order as requested.[1]

In light of the lack of any opposition, and upon review of the relevant pleadings, this Court hereby awards Sengthiene Bosavanh, attorney for Plaintiff Terrence W. Campbell, attorney fees pursuant to section 406(b) of Title 42 of the United States Code in the amount of $17,792.25.

Further, it is noted that the Commissioner previously paid $9,216.79 in Equal Access to Justice Act ("EAJA") fees. (Doc. 29; *see also* Doc. 28.) Accordingly, the Court hereby orders counsel to reimburse Terrence W. Campbell the sum of $9,216.79.

IT IS SO ORDERED.

Dated:  **April 13, 2012**                                    **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's counsel provided the Court with a proposed order via email to gsaorders@caed.uscourts.gov following the Court's requests of April 9 and April 12. Curiously however, counsel states in her email correspondence that the undersigned is "the first to request this of us, so I didn't know that we were supposed to email [the order]." It is this Court's practice to require the filing of a proposed order simultaneous with the filing of a motion, and further, the proposed order is to be sent to the appropriate judge or magistrate judge's email box. In fact, counsel followed this very procedure without prompting in July 2011 when she moved for EAJA fees. (*See* Docs. 26 & 27.) Finally, the Court notes that the proposed order provided by counsel on April 12, 2012, was not utilized for it is replete with misspellings of her client's name. (*See* Doc. 33.)